UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LA'DONTRAY L CHAISSON #622905** | **CASE NO. 6:18-CV-01509 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **MEDICAL DEPT OF LAFAYETTE PARISH CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pro se complainant, La'Dontray L. Chaisson, an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 15, 2018. Plaintiff is currently incarcerated at the Lafayette Parish Correctional Center (LPCC). He names the following as defendants: LPCC, Lafayette Parish Medical Department, Kayla Smith and Mrs. Marie (Nurse). He seeks compensatory damage and injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On August 17, 2018, Plaintiff slipped and fell on water on the floor, landing on his back. Medical staff was called. Plaintiff alleges that he heard Nurse Marie tell another nurse that she believed Plaintiff had faked his fall. He was told to get up on his own or he would be left on the floor. After convincing the staff that he was in severe pain, another nurse came with a wheelchair and Plaintiff was taken to medical where he was given Ibuprofen.

After "7 days of begging and pleading," x-rays of his back and legs were taken. While his Complaint states that he was never advised of the results, a copy of his medical request dated September 10, 2018, evidences that he was told that the x-ray came back "not showing any signal of damage." [Rec. Doc. 1-3, p. 2]

Plaintiff complains that he is still in pain, cannot stand for long periods of time and has difficulty sleeping.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity; therefore his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it

fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. *Medical Care*

The federal constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical

> judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) [*6] (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Accordingly, an inmate's federal constitutional right to medical care is extremely limited.

The federal constitution does *not* require that inmates receive optimal care. The fact that an inmate's medical treatment "may not have been the best money could buy" is simply insufficient to establish a federal violation. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *see also Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).

By Plaintiff's own admission, he was examined by a nurse after his fall. He was provided medication for his pain. Seven days later, as he was still in pain, x-rays were taken of his back and legs. Despite alleging in his Complaint that he has never been advised of the results, the handwritten copies of his medical requests evidence that he was informed that the x-ray showed no sign of damage.

The allegations raised by Plaintiff in the instant case establish that he was not refused treatment, his medical complaints were not ignored, and he was not

4

intentionally treated incorrectly. His allegations instead reflect that he was seen by the jail's medical staff who provided diagnostic testing and treated him with medication. Accordingly, the facts alleged in the Complaint disprove his allegation that his medical needs were met with deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Moreover, the fact that plaintiff's back pain was not ultimately resolved by that medical treatment does not prove otherwise. Federal constitutional protections are not violated simply because an inmate's medical treatment was unsuccessful or because pain persisted despite treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Williams v. Chief of Medical Operations, Tarrant County Jail*, 44 F.3d 1004, 1994 WL 733493, at *2 (5th Cir. 1994); *Kron v. Tanner*, Civ. Action No. 10-518, 2010 U.S. Dist. LEXIS 79878, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 U.S. Dist. LEXIS 90094, 2010 WL 3171040 (E.D. La. Aug. 6, 2010). On point, the United States Fifth Circuit Court of Appeals has expressly noted: "Continuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred." *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Plaintiff disagrees with the conclusions and treatment options offered by these professionals; however, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), *citing Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985). Plaintiff has failed to establish that the defendants, or anyone else, were indifferent to his condition. His complaint should be dismissed for failing to state a claim for which relief may be granted.

### *Conclusion*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 17th day of December, 2018.

*(signature)*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE